William 0. Hecht, Jb., J.
Petitioner seeks to review a regulation adopted by the State Rent Administrator and directing that the hearing be conducted on petitioner’s claim of hotel status.
This application arises as a result of a rent reduction proceeding brought by 21 tenants who reside in petitioner’s 8-story building, which contains 132 rental units. The local rent office inspector describes the structure as a former apartment building converted to single-room occupancy.
The tenants complained of deteriorated services, and petitioner resisted the claim for reduction of rént on the ground that the building was a hotel on March 1,1950 and as a result all tenants in occupancy after December 2, 1949 are decontrolled.
Petitioner restored the services demanded by the tenants prior to the commencement of the proceedings so that maximum rents were not affected. However, a ruling was made by the Local Rent Administrator which established the premises as a rooming house based upon evidence in the records of respondent. This ruling is the basis of petitioner’s claim.
Petitioner relies on section 2 (subd. 2, par. [b]) of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1959, ch. 695), which provides that in a structure which on March 1, 1950 was commonly regarded as a hotel in the community, all tenants are decontrolled except those in residence prior to December 2, 1949. This section provides as follows:
‘ ‘ Housing accommodation * # * shall not include # * * or # * *
“ (b) notwithstanding any previous order, finding, opinion or determination of the commission, housing accommodations in any establishment which on March first, nineteen hundred fifty, was and still is commonly regarded as a hotel in the community in which it is located and which customarily provides hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service, provided, however, that the term hotel shall not include any establishment which is commonly regarded in the community as a rooming house, irrespective whether such establishment provides either some services customarily provided by hotels, or is represented to be a hotel, or both; and provided further that housing accommodations in hotels only within the cities of Buffalo and New *816 York which have been and still are occupied by a tenant who has resided in such hotel continuously since December second, nineteen hundred forty-nine, so long as such tenant occupies the same, shall continue to remain subject to control under this act; or * * # ? ?
Petitioner claims that in 1959 the Legislature amended the statute so that if an owner can prove that the premises on March 1,1950, and today, are ‘6 commonly regarded as a hotel in the community in which it is located” and if it customarily provides the prescribed hotel services, then it is a hotel notwithstanding any previous action of the respondent.
It further claims that the regulation adopted by the Rent Administrator contravenes the statute in several respects, the most flagrant of which is the last sentence which provides that an establishment not identified as a hotel pursuant to the Federal act “ should be deemed to be commonly regarded in the community as a rooming house.”
The Administrator argues that section 4 (subd. 4, par. [a]) of the rent laws has since 1950 vested him with discretionary authority to promulgate such regulations as the Administrator may deem necessary or proper to effectuate the purposes of the act, and in pursuance of the express statutory authority and to implement the provisions of the act the commission issued subdivision 7 of section 3 of the State Rent and Eviction Regulations, which reads: “‘Hotel.’ Notwithstanding any order, finding, opinion or determination made or issued by the Administrator at any time prior to June 30, 1959, any establishment which complies with the requirements for hotels of the public authorities having jurisdiction over such establishments, and which on March 1,1950 was and still is commonly regarded as a hotel and in which at least an appreciable number of its occupants were and still are provided with customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service, or which services were and still are available with or without cost; provided, however, that the term ‘ hotel ’ shall not include any establishment which is commonly regarded in the community as a rooming house, irrespective whether such establishment provides some services customarily provided by hotels, or is represented to be a hotel, or both. An establishment not identified or classified as a ‘ hotel ’, ‘ transient hotel ’ or ‘ residential hotel ’ pursuant to the Federal Act shall be deemed to be ‘ commonly regarded in the community as a rooming house
*817 I agree with respondent that petitioner incorrectly alleges that the last sentence of subdivision 7 of section 3 of the regulations is invalid as imposing a test different from that prescribed in section 2 (subd. 2, par. [b]) of the State Residential Rent Law. Both the act and the regulations provide that an establishment which on March 1, 1950 was commonly regarded in the community as a hotel is decontrolled, except for tenants who occupied prior to December 2, 1949. The reference in the regulations to Federal status on March 1, 1950 is only a statement of the applicable law which must be applied in any event, and is inserted in the regulations for the benefit of the affected parties.
I agree also with respondent that there is no merit to petitioner’s allegations that the statutory test of what the establishment was commonly regarded in the community on March 1, 1950, is absolute and proscribes consideration of the Federal status. The act in question contemplated consideration of Federal status on the freeze date, March 1,1950, and as respondent contends, the regulations merely spell this out more clearly for the convenience and prior knowledge of affected parties.
It appears that the regulations impose the identical standard as prescribed in the act and are in all respects valid. I reject the suggested construction which petitioner advances, and agree with respondent that such construction would frustrate the objective of the section which was enacted at the Administrator’s express request.
It should be further noted that all hearings under the State Residential Rent Law are held solely at the discretion of the Administrator. The record further discloses that petitioner was afforded every opportunity to urge and substantiate its claims in the filing of written proofs, and upon a review of the written record it seems that in the exercise of discretion the Administrator found there was no need for a further hearing.
It appears that in the proceeding before the Local Rent Administrator and the State Administrator, no proof was submitted that the establishment was on March 1, 1950 commonly regarded in the community as a hotel. The Administrator properly rejected the unsupported claims that the establishment had been known as Carnegie Hill Hotel since 1939 and has been operated as a hotel since 1939, since the written record does not establish the claim. As respondent points out, this court has heretofore sustained him where the designation of the landlord’s own establishment showed without question that it was a rooming house and not a hotel (Finkelstein v. Temporary *818 State Housmg Rent Comm., N. Y. L. J., March 30, 1955, p. 8, col. 2, Dineen, J.).
Petitioner has failed to show that the order of the Administrator is either arbitrary or capricious, and it appears that it is amply supported by the record and may not therefore be disturbed. Accordingly, the application is denied and the petition is dismissed.