Jacob Markowitz, J.
This is a petition pursuant to article 78 of the Civil Practice Act to review respondent’s determination which held that petitioner’s premises are a well-run rooming house rather than a hotel within the statutory definitions. Since the factual determination as to petitioner’s status has ample support in the record the court may not be called upon to substitute its judgment for the respondent’s. Therefore, in the absence of a finding of arbitrariness, capriciousness, or unreasonableness, that determination must be deemed controlling.
Petitioner, however, raises a claimed constitutional question in relation to a recent amendment to the rent laws which clarified the definition of “hotel” so as to specifically exclude “any establishment not identified or classified as a ‘ hotel ’, ‘ transient hotel ’ or 1 residential hotel ’ pursuant to the federal act”. (Emergency Housing Bent Control Law [L. 1946, ch. 274], § 2, subd. 2, par. [b], as amd. by L. 1961, ch. 337.) There is no doubt that petitioner is in this excluded category, and its attempts to *558 explain away its previous admissions as to its status under the Federal act are unconvincing. ■ It is of no import that respondent previously issued an opinion letter to petitioner characterizing its operations as a “ hotel ”. Such letter was clearly based on the assumption of the accuracy of the statement of facts contained in petitioner’s request for an opinion, and was subject to reversal after respondent undertook an investigation of the material facts. (Matter of Fablan Studious v. Hermam, 25 Misc 2d 752, affd. 13 A D 2d 943.) Petitioner’s attempt to distinguish Fabian (supra), which is almost identical in facts to the instant case on the ground that it antedated the 1961 amendment is specious. The 1961 amendment was obviously enacted to clarify existing law and made no substantive change in the emergency rent policies of the State. Even if it had, petitioner has presented no novel arguments to overcome the Legislature’s right to exercise its police powers in what it deems an emergency situation. That petitioner may not in the future run its operations free from control is not a denial of due process. Petition is, accordingly, dismissed.