Thomas A. Aurelio, J.
Defendants move pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings or in the alternative granting declaratory judgment in favor of the defendants pursuant to rule 113. Plaintiffs cross-move for summary judgment in their favor. The action is brought for a declaration that so much of section 2 (subd. 2, par. [b]) of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) and subdivision 7 of section 3 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission as adopted and in effect on April 30, 1962 were and are arbitrary and confiscatory and as such are unconstitutional and violative of the Fourteenth Amendment of *31 the United States Constitution and section 6 of article I of the New York State Constitution; for a further declaration that section Y41-3.0 (subd. e, par. 2, el. [c]) of Local Law No. 20 of the Local Laws of the City of New York for 1962 and subdivision d of section 3 of the City Rent, Eviction and Rehabilitation Regulations were enacted without basis in fact in that there was adoption without question of pre-existing provisions of the State Rent Control Act of 1961 and the relevant State Rent and Eviction Regulations promulgated by the Temporary Housing Rent Commission; and for further declaration that so much of section Y41-3.0 (subd. e, par. 2, cl. [c]) of Local Law No. 20 and subdivision d of section 3 of the Rent, Eviction and Rehabilitation Regulations are unconstitutional in that they violate the provisions of the Fourteenth Amendment of the United States Constitution and section 6 of article I of the New York State Constitution; and finally for a judgment of permanent injunction. It is conceded that insofar as pertinent the local law and regulations adopted pursuant thereto are substantially the same as those which existed under the State jurisdiction and now under attack. Except for the constitutional question raised, plaintiffs’ sole remedy is by article 78 review.
The issue has been heretofore fully considered and adjudicated although the plaintiffs suspect that the prior adjudications are erroneous.
In Hotel Armstrong v. Temporary State Housing Rent Comm. (11 A D 2d 395) plaintiffs sought a declaratory judgment that the commission was without power to regulate rents charged by it, asserting that the 1959 amendments to the rent statute (L. 1959, ch. 695) were not applicable and that in any event the amendments were unconstitutional for lack of legislative standards to guide the exercise of administrative discretion. In 1949 the owner had been granted a certificate of occupancy as a hotel. The premises had not been subject to rent control under the Federal rent control statutes and it was conceded that its rents had never been under the regulation of the State Rent Commission. Plaintiffs ’ purchase was made in February, 1959 believing the premises to be exempt from rent control. Despite prior status the Rent Commission initiated proceedings to fix and enforce maximum rents in accordance with the 1959 amendments. It was concluded that the State Rent Control Act as amended in 1959 was applicable to housing accommodations such as those owned by the plaintiff despite the fact that it had been never theretofore under control at any time. The court stated (p. 398): “ In short, the amendments are applicable to housing accommodations styled as hotels which do not satisfy the definí *32 tion of hotels in the statute, even though such housing accommodations have not been subject to rent control since 1950, and even though such accommodations were once properly classified as hotels but have since deteriorated into something less
The State rent law (§ 2, subd. 2, par. [b]) at that time provided that a hotel to win exclusion must qualify as a housing accommodation which “ on March first, nineteen hundred fifty, was and still is commonly regarded as a hotel in the community in which it is located and which customarily provides hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service ’ ’.
In that connection the court observed (p. 398): “ In order to qualify a hotel must have been a hotel on two dates: on March 1, 1950, and now. Plaintiff’s premises, therefore, are not excluded from the statutory language unless they constitute a hotel now.”
Subdivision 2-b of section 4 of the State Emergency Housing Bent Control Law also provided as follows: “ Provision shall be made pursuant to regulations prescribed by the commission for the establishment, adjustment and modification of maximum rents in rooming houses, which shall include those housing accommodations subject to control pursuant to the provisions of paragraph (b) of subdivision two of section two of this act, having regard for any factors bearing on the equities involved, consistent with the purposes of this act to correct speculative, abnormal and unwarranted increases in rent.” Concerning those provisions the court concluded (p. 400) that it “ expressly confers upon the commission the power to fix maximum rents for hotels,1 pseudo ’ or ‘ decayed ’, which it is empowered to regulate under the 1959 amendment to section 2 of the emergency law.”
That provision the court stated (pp. 400-401) was placed in section 4 which also contains, immediately following subdivision 2-b, subdivision 3 which provides as follows: 1 ‘ Whenever the foregoing standard is not susceptible of application to a housing accommodation to which this act applies, and for which no maximum rent was established on March first, nineteen hundred fifty, or where no registration statement had been filed as had been required by the federal act, the maximum rent thereof shall be fixed by the commission, having regard to the maximum rents for comparable housing accommodations or any other factors bearing on the equities involved, consistent with the purposes of this act.” The “ foregoing standard ” was held to be the maximum rents fixed under the Federal laws as of March 1, 1950 and it was held (p. 401) that “ Consequently, if subdivisions 2-b and 3 are read together, there are sufficient legislative stand *33 ards to guide the Rent Commission. Moreover, statutes are entitled to a presumption of validity and to a construction, if alternatively available, which will support constitutionality (Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38, 44; Matthews v. Matthews, 240 N. Y. 28, 34-35). Hence, the statute, if thus construed, may and should be sustained. Of course better draftsmanship would have avoided even the semblance of a question on this point. * * * True, the provision contains the disjunctive 1 or ’ between the reference to the maximum rents for comparable accommodations and the equitable factors. Nevertheless, the subdivision is invulnerable to attack if it is read to require, as it should be, that the Rent Commission is required to consider maximum rents for comparable housing accommodations in the first instance and that such comparable rents are only subject to adjustment by the other factors bearing on the equities involved.”
The court also ruled with respect to the constitutionality of section 36 of the regulations applicable to the fixing of maximum rents for the housing accommodations there involved. Section 36 of the regulations read in part as follows: “ Where the Administrator finds that an establishment is no longer a hotel, he shall issue orders fixing maximum rents for the housing accommodations within such establishment which were not subject to rent control. The maximum rents so fixed shall be based upon the maximum rents for comparable housing accommodations taking into consideration all factors bearing upon the equities ”. The regulation too was found to be constitutional.
Matter of Fablan Studios v. Herman (25 Misc 2d 752, affd. 13 A D 2d 943) was an application for review and annulment and involved an 1 ‘ opinion ’ ’ hotel status. The opinion letter contained a statement that it was being issued upon the assumption of the accuracy of the claims therein contained for hotel status. The respondent there found that the facts did not warrant such status. There too a claim was made of considerable outlay for capital improvements and otherwise based upon the hotel status and that all services common to the operation of a hotel were furnished. Involved was section 2 (subd. 2, par. [b]) of the State rent law (as amd. by L. 1959, ch. 695). The court held (p. 754) that the essence of that statute “ is that the establishment must have been commonly regarded as a hotel on March 1, 1950, must still be so regarded, and must furnish the customary hotel services above enumerated ” and that the respondent there had “ the power to revoke a prior opinion issued by him.” Finally the court stated (p. 756): “ I am not unmindful of or insensitive to the fact that petitioner made a substantial invest *34 ment in the building, relying upon the status which it thought and had a right to believe the premises enjoyed. However, it brought about the situation which evokes its grievance by its alleged conduct with respect to the tenants who complained of and who proved to the Administrators’ satisfaction, the lack of essential services.”
Matter of Sylarn Realty Corp. v. Herman (25 Misc 2d 814, affd. 15 A D 2d 637) also was application for review and annulment. It arose from a rent reduction proceeding brought on by tenants complaining of deteriorating services. The petitioner resisted the claim for reduction of rent on the ground that the building was a hotel on March 1,1950 and as a result occupancies after December 2,1949 were decontrolled. Maximum rents were not affected since petitioner restored the services demanded by the tenants prior to the commencement of the proceedings. The Local Rent Administrator however, had ruled that the premises constituted a rooming house based on evidence in his records. That ruling was the basis of the article 78 proceeding. There too the petitioner relied on section 2 (subd. 2, par. [b]) of the State rent law as amended by chapter 695 of the Laws of 1959. Petitioner contended that under the statute and upon proper proof the respondent was given the power to find the existence of a hotel status notwithstanding any previous action of the respondent. The petitioner contended in addition, however, that the regulation adopted by the Administrator contravenes the statute and in particular with respect to that portion of the regulation which also provided that an establishment not identified as a hotel pursuant to the Federal act “ should be deemed to be commonly regarded in the community as a rooming house ”. Section 4 (subd. 4, par. [a]) granted to the respondent the' discretionary power to promulgate regulations deemed necessary to effectuate the purposes of the act and in pursuance thereof the commission did issue subdivision 7 of section 3 of the regulations, which then read: “‘Hotel.’ Notwithstanding any order, finding, opinion or determination made or issued by the Administrator at any time prior to June 30,1959, any establishment which complies with the requirements for hotels of the public authorities having jurisdiction over such establishments, and which on March 1, 1950 was and still is commonly regarded as a hotel and in which at least an appreciable number of its occupants were and still are provided with customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service, or which services were and still are available with or without cost; provided, how *35 ever, that the term ‘ hotel ’ shall not include any establishment which is commonly regarded in the community as a rooming house, irrespective whether such establishment provides some services customarily provided by hotels, or is represented to be a hotel, or both. An establishment not identified or classified as a ‘ hotel ’, ‘ transient hotel ’ or ‘ residential hotel ’ pursuant to the Federal Act shall be deemed to be ‘ commonly regarded in the community as a rooming house \ ’ ’
The court there determined (p. 817): “ Both the act and the regulations provide that an establishment which on March 1, 1950 was commonly regarded in the community as a hotel is decontrolled, except for tenants who occupied prior to December 2, 1949. The reference in the regulations to Federal status on March 1,1950 is only a statement of the applicable law which must be applied in any event, and is inserted in the regulations for the benefit of the affected parties.” The court further found that “It appears that the regulations impose the identical standard as prescribed in the act and are in all respects valid. I reject the suggested construction which petitioner advances, and agree with respondent that such construction would frustrate the objective of the section which was enacted at the Administrator’s express request.”
Finally, Matter of Noxon Operating Corp. v. Herman (32 Misc 2d 557, affd. 16 A D 2d 774) also was an article 78 proceeding brought to review a determination that the subject premises are “ a well-run rooming house rather than a hotel within the statutory definitions.” However the petitioner raised a claimed constitutional question with respect to the amendment of the State rent act by chapter 337 of the Laws of 1961 which clarified the definition of “ hotel ” so as to specifically exclude “ any establishment not identified or classified as a ‘ hotel ’, ‘ transient hotel ’ or ‘ residential hotel ’ pursuant to the federal act ”. It was determined (p. 558) that “ [i]t is of no import that respondent previously issued an opinion letter to petitioner characterizing its operations as a “ hotel ’ ’. Such letter was clearly based on the assumption of the accuracy of the statement of facts contained in petitioner’s request for an opinion, and was subject to reversal after respondent undertook an investigation of the material facts. (Matter of Fablan Studios v. Herman, 25 Misc 2d 752, affd. 13 A D 2d 943.) * * * The 1961 amendment was obviously enacted to clarify existing law and made no substantive change in the emergency rent policies of the State. Even if it had, petitioner has presented no novel arguments to overcome the Legislature’s right to exercise its police powers in what it deems an emergency situation. That petitioner may *36 not in the future run its operations free from control is not a denial of due process.”
In the light of the foregoing the conclusion is inescapable that the court is concluded by the prior adjudications and the declarations as sought by the plaintiff are without merit. However, the court reaches the conclusion also that the complaint in this action for a declaratory judgment sought not to be dismissed and accordingly the defendants’ application for relief pursuant to rule 113 is granted. Plaintiffs’ cross motion is denied.