Henry Clay Greenberg, J.
This is an article 78 proceeding to review the denial of petitioner’s protest challenging the order of the District Bent Director voiding rent increases previously granted upon the ground that such increases had been obtained, in part, by the landlord’s fraudulent action in submitting grossly exaggerated bills for kitchen cabinet equipment.
Petitioner urges that the annulment of the rent increases allowed for the installation of equipment, other than the kitchen cabinets, and for the execution of a voluntary lease agreement is illegal, arbitrary, without basis in law or fact, and constitutes the imposition of a punitive penalty. The thrust of respondent’s position is that the eoneededly fraudulent kitchen cabinet bills constitute part of the landlord’s scheme to defraud the tenant and to procure rent increases illegally and that it is unreasonable to burden respondent with the responsibility of investigating and sifting petitioner’s entire application to ascertain additional instances of fraudulent bills or falsified statements. In this connection, it is noted that the increase originally granted for the kitchen cabinet improvement represented a separate item of the form filed by the landlord-petitioner as a Beport of Lease and Application for increase of maximum rent pursuant to sections 33.1 and 33.2 of the Bent, Eviction and Behabilitation Begulations.
The authority of the respondent Administrator to reopen and redetermine prior rent increase orders based upon the subsequent discovery of fraudulent practices by the landlord applicant has long been recognized by the court (Matter of Fiesta Realty *333 v. McGoldrick, 284 App. Div. 551). No authoritative precedent is submitted, however, to sustain the action of the respondent in issue, i.e., the complete revocation of a rent increase order upon the later discovery of fabricated invoices relating to a single item of rent increase. allowed for the installation of kitchen cabinets. It is observed parenthetically that criminal prosecution of the landlord has been commenced in the appropriate forum. Thus, our present concern is limited to the determination of the correctness of the respondent’s concept that fraud permeated this rent application to such a degree as to require total rejection of all rent increases. (In the Natkin and Lucot proceedings the Administrator rendered formal opinions rejecting the protest of each petitioner; in the Jakubovitz proceedings, the protests were denied by reason of the fact that the Administrator did not review the protests within the required 90 days, and the landlord refused to extend the time of the Administrator to consider each protest.)
There is no specific or expressed grant of authority to the Administrator to invalidate an entire application consisting of various separate requests for rent increases upon the discovery of fraudulent information with respect to a single item of increased services or facilities. The general powers and duties of the City Rent and Rehabilitation Administration as provided in section Y41-5.0 of the Administrative Code fail to constitute a basis for the total forfeiture imposed by the respondent. Subdivision a of section 88 and section 103 of the City Rent, Eviction and Rehabilitation Regulations do not set forth a direct authorization. Moreover, it is elementary that such rules and regulations may not enlarge the scope of the act, but rather serve to spell out details and classifications. The petitioner’s requested division or separation in the instances of a voluntary two-year lease increase, or an increase for the installation of equipment such as a stove, or a refrigerator, imposes no hardship upon the respondent analogous to an investigation of inadequate or defective plumbing or electrical wiring installations since inspection of such improvements compel the opening of walls to permit a verification of the claimed improvement. In the present proceeding, the items of the landlord’s application other than the concededly falsified kitchen cabinet increase are readily susceptible to simple inspection procedures. To make it necessary for the petitioner to file new applications for all items other than the kitchen cabinets (which right is conceded) would result in burdening the respondent with repetitious applications which would demand the same type of checking and processing already rendered in this proceeding and if investiga *334 ti<m is directed, the same form of investigation is available with respect to the present application.
To the extent that landlord seeks to obtain any increase in rent for the installation of kitchen cabinet equipment, the application is denied. Having attempted to fraudulently deceive the respondent, the landlord should not be permitted to salvage any benefit from his actions even though the equipment remains on the premises. With respect to the various other items, the denial of petitioner’s protest is annulled and the proceeding is remanded to the City Rent and Rehabilitation Administrator for further consideration in the light of this holding.