Hugh S. Coyle, J.
This is an article 78 proceeding brought by petitioner to review certain orders of the State Bent Administrator which revoked rent increases previously granted to petitioner as landlord on the grounds of fraud.-.
*530 Petitioner filed to increase the rent of the tenants of some 17 apartments. The increases were sought under section 33 of the State • Bent and Eviction Regulations which provides for an increase in rent when a proper lease has been entered into and also for a further increase when the landlord installs new equipment with the consent of the tenants. The lease increase is not in issue. What is before the court are applications for the increases which were based on tenants ’ consents to the installation of additional equipment including kitchen cabinets and other equipment. In connection Avith said applications the petitioner submitted certain bills Avhich formed the basis for the granting of an increase in rents. The increases for kitchen cabinets Avere determined based upon the costs recited in bills submitted by the landlord. It subsequently developed that the bills submitted to the commission as evidence of the cost of the cabinets Avere not true bills. On the contrary they were made up solely for submission to the Bent Commission in a fraudulent attempt to substantiate the amount of rent increases requested in the applications based on an accepted seven-year amortization of cost. In addition to neAV cabinets, the actual true bills included in many cases, such items as a combination sink, gas range, refrigerator, etc., but the bills for cabinets, as submitted to the Bent Commission, did not show such other items of equipment. As a result of the fraud perpetrated in connection Avith the kitchen cabinets, the increases granted to the landlord were revoked by the Westchester Local Administrator. Upon protest, the revocations Avere affirmed by the State Rent Administrator.
Petitioner has raised, in its argument, four points which are as follows:
“ 1. The orders sought to be reviewed herein exceeded the powers and authority of respondent, worked a forfeiture and constituted a taking of petitioner’s property Avithout just compensation and resulted in unjust enrichment to tenants.
‘ ‘ 2. The administrator should be required to grant an increase based on the true costs of the kitchen cabinets.
“ 3. The forms furnished by respondent Avhich petitioner was compelled to use, Avere, in legal effect, rules and regulations and as such were invalid since they were not filed in the Office of the Department of the State, as required by the Constitution of the State of New York.
“ 4. The rights of the petitioner were violated when it was compelled to make sworn statements as to costs and improvements, by virtue of invalid and ineffective rules and regulations. ’ ’
Taking the objections in order as stated, it is the opinion of this court that the Commissioner Avas understandably moved *531 to revoke petitioner’s entire application when it was discovered that gome of the items liad been fraudulently stated, and the petitioner cannot expect that the Commissioner will be motivated in such a ease as to scrutinize every other part of an application when it is found that a part is based upon a fraud. However, this is not to say that the Commissioner has the authority to revoke the entire application and forever refuse to reconsider the merits of that part of the application not found to be or claimed to be tainted with fraud. In other words, although the court can well understand the refusal of the Commissioner to reconsider any part of petitioner’s application, it should not by reason thereof forever deny to petitioner its right to have the proceedings in connection with other services (other than the kitchen cabinets), reviewed.
With respect to petitioner’s second point, that the Administrator should be required to grant an increase based on the true costs of the kitchen cabinets, this court believes that the application should be denied. In a similar case (Matter of Lucot, Inc. v. Gabel, 39 Misc 2d 332, 334) Mr. Justice Greenberg, sitting in the Supreme Court, New York County held: “To the extent that landlord seeks to obtain any increase in rent for the installation of kitchen cabinet equipment, the application is denied. Having attempted to fraudulently deceive the respondent, the landlord should not be permitted to salvage any benefit from his actions even though the equipment remains on the premises.”
Insofar as petitioner’s third and fourth points are concerned, the court finds that the schedule of rental values and printed application forms are not rules or regulations pursuant to section 8 of article IV of the New York State Constitution, but are merely a construction and interpretation by an administrative agency of an existing regulation for the specific purpose of interpretation. As such they are not binding upon the Administrator and do not create any vested rights in the petitioner. The purpose which the schedules accomplish is to implement section 33 of the State Bent and Eviction Begulations of the Temporary State Housing Bent Commission. The “ Schedule ” and “Printed Application Forms ” are only meant to guide the applicant and assist the administrative agency in the proper discharge of its duties and responsibilities under section 33. Likewise, the Administrator is not bound by an opinion or decision formerly made by him, but may in the exercise of reasonable discretion revoke a prior opinion issued by him. (Fablon Studios v. Herman, 25 Misc 2d 752, affd. 13 A D 2d 943.)
There does not appear to be any authority for the commission having invalidated the entire application for rent increases *532 based upon the fact that a single item was found to.have been fraudulently presented. (Matter of Lucot, Inc., v. Gabel, supra.) In addition, the court does not find that any-worthwhile advantage will be gained by requiring the petitioner to file new applications for all items other than the kitchen cabinets. To do so would only result in an increased burden upon the petitioner, with no beneficial result to the respondent.
Under the circumstances, it is the opinion of this court that as to the various other items, other than the kitchen cabinets, the denial of petitioner’s protest is annulled and the proceeding is remanded to the respondent for further consideration based upon the findings herein.