Abraham J. Gellinoff, J.
This is a proceeding under article 78 of the Civil Practice Act, to review orders of the State Bent *644 Administrator which denied petitioners’ protest from orders issued by the Local Rent Administrator (White Plains) which revoked its prior orders which had increased the maximum rents on certain housing accommodations. Lower maximum rents were thereby established and petitioners were directed to make refunds of rent. The action of the Local Rent Administrator and its affirmance by respondent were predicated on a finding of fraud. The fraud was based on a finding that the application to increase maximum rents on the basis of installation of new kitchen cabinets and other kitchen equipment was false, and that false evidence was submitted to sustain said application.
While proceedings before an administrative body are less formal in nature than judicial proceedings, and the rules of evidence are greatly relaxed therein, still, a determination by respondent based almost entirely on conjecture and surmise is an arbitrary exercise of its discretionary powers.
Mere overpayment by petitioners for kitchen equipment is not proof that they are guilty of fraud. Nor may fraud on the part of petitioners be inferred from evidence that they paid much more for the equipment than the prevailing price in the market, and that they paid it to a supplier who acknowledges that his transactions of a similar nature — but not with petitioners — were fraudulent. Certainly respondent’s determination is not supported by “ evidence * * * so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based. That requires ‘ such relevant evidence as a reasonable mind might accept as adequate to support a conclusion ’ (Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229.) ” (Matter of Stork Restaurant v. Boland, 282 N. Y. 256, 273-274; see, also, Matter of Haywood v. Craig Colony, 7 A D 2d 69, affd. 6 N Y 2d 752.)
It would appear that respondent gave great weight, in arriving at its determination, to the fact that petitioners’ supplier has been indicted for providing inflated bills for submission to the Rent Commission. Absent credible proof of petitioners’ guilt, the guilt of such supplier may not be the basis of respondent’s determination that petitioner has committed fraud. Guilt by association is not sufficient. Moreover, this court, by whom petitioners’ supplier is scheduled to be sentenced, will take judicial notice of the fact that, while such supplier has implicated scores of landlords in his illegal practices, never once have petitioners’ names been mentioned. All in all, the circumstances in this case are not inconsistent with petitioners ’ innocence.
*645 There is no rational basis for the respondent’s determination (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104). Such determination was made without “ substantial evidence ” to support it (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1). It was made wholly on suspicion and surmise, albeit understandable. Suspicion, however, is not proof.
Accordingly, this application is granted to the extent of remitting this matter to respondent for further proceedings not inconsistent with this decision.