Frank S. McCullough, J.
This is an article 78 proceeding brought by the petitioner to review certain orders of the State Bent Administrator, which orders revoked rent increases previously granted to petitioner’s predecessors in title. The revocation of the rent increases was ba°Qd on the ground that the *160 applications pursuant to which the increases were granted were fraudulent.
It appears that the petitioner acquired title to the subject premises on July 16, 1959. Between July 23,1956 and April 23, 1958, the petitioner’s predecessors in interest, as landlords, obtained the allegedly fraudulent increases by reason of the installation of kitchen cabinets, new combination sinks and new stoves.
By notice dated October 5,1962 the Local Rent Administrator proposed to revoke his previous orders authorizing the subject increases to the petitioner’s predecessor in title upon the alleged ground that the bills submitted in support of the subject applications appeared to be fraudulent.
The petitioner is quite obviously a bona fide purchaser for value, not connected or associated in any way with the predecessors who had obtained the allegedly fraudulent increases. A hearing was held on October 23, 1962. The petitioner contends that no specific evidence was offered at said hearing to sustain or establish the alleged fraud. It appears that the respondent based his decision to revoke the increases on certain bills relating to the installation of kitchen cabinets.
The petitioner protested the decision to the State Rent Administrator. In his order and opinion denying the protest, the State Rent Administrator referred to the fact that the contractor and the former landlord were under criminal indictment. It is not clear whether this recitation is an indication that the indictments themselves were considered as evidence. It is axiomatic that an indictment is not evidence of guilt.
The petitioner herein had obtained a certification of the maximum rentals just prior to its acquisition of the subject premises. While this certification should not necessarily estop the State Rent Administrator from correcting an alleged wrong, certain equities would appear to exist in favor of the petitioner in this case. The petitioner, itself, is not accused of any wrongdoing, it being alleged that the predecessors in title without the knowledge of the petitioner committed certain fraudulent acts on which a rent increase was based.
While it is true that administrative agencies are not bound to conduct their proceedings with the same formality as a court of law, there is no authority for the summary disposition of the petitioner’s property rights in the absence of proof properly adduced.
Unfortunately in this State there is no uniform administrative procedure act in operation. Despite the absence of such an act, there is no logical reason why the basic rules of conduct *161 should not be established with some degree of safety and reliance. The deprivation of property rights should be safeguarded by formal rules and not by the ipse dixit of an administrative body. In the instance before the court no provision was made in the orders of revocation, providing for a deposit in escrow of the increases pending a final determination of the controversy. A penalty, in some instances, has been inflicted upon the petitioner without recourse in the event the administrative determination is reversed.
The orders which were revoked contained two types of increases, first those based on a standard increase for the. furnishing of equipment such as a new stove, or a new combination sink where the price paid for such articles bears no relationship to the increase allowed, said increase being fixed. The other increase involved is one where the amount allowed for the increase is based on a seven-year amortization of the landlord’s alleged cost for the items installed.
The court notes that several decisions have been rendered in similar matters.
Mr. Justice Greenberg, in Matter of Lucot v. Gabel (39 Misc 2d 332) annulled the Rent Administrator’s denial of the protest and remanded the proceedings for further consideration in accordance with his opinion. In his opinion, he indicated that rent increases should be allowed with respect to items entitling the landlord to fixed increases where such items were, in fact, furnished.
Mr. Justice Coyle in Matter of Martine Associates v. Herman (N. Y. L. J., May 31, 1963, p. 18, col. 7) made a similar determination.
In Matter of Riverwood Co. v. Herman (39 Misc 2d 643, 644) Mr. Justice Gellinoff annulled the Rent Administrator’s order and remitted the matter for further proceedings. Mr. Justice Gellihoff stated: “ While proceedings before an administrative body are less formal in nature than judicial proceedings, and the rules of evidence are greatly relaxed therein, still, a determination by respondent based almost entirely on conjecture and surmise is an arbitrary exercise of its discretionary poAvers.
Mere overpayment by petitioners for kitchen equipment is not proof that they are guilty of fraud. Nor may fraud on the part of petitioners be inferred from evidence that they paid much more for the equipment than the prevailing price in the market, and that they paid it to a supplier who acknowledges that his transactions of a similar nature — but not with petitioners — were fraudulent. Certainly respondent’s deter *162 mination is not supported by ‘ evidence * * * so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based. That requires “ such relevant evidence as a reasonable mind might accept as adequate to support a conclusion ” (Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229.) ’ (Matter of Stork Restaurant v. Boland, 282 N. Y. 256, 273-274; see, also, Matter of Haywood v. Craig Colony, 7 A D 2d 69, affd. 6 N Y 2d 752.)
It would appear that respondent gave great weight, in arriving at its determination, to the fact that petitioners’ supplier has been indicted for providing inflated bills for submission to the Rent Commission. Absent credible proof of petitioners’ guilt, the guilt of such supplier may not be the basis of respondent’s determination that petitioner has committed fraud. Guilt by association is not sufficient. Moreover, this court, by whom petitioners’ supplier is scheduled to be sentenced, will take judicial notice of the fact that, while such supplier has implicated scores of landlords in his illegal practices, never once have petitioners’ names been mentioned. All in all, the circumstances in this ease are not inconsistent with petitioners’ innocence.”
In the most recent decision noted by this court, Mr. Justice Fine in Helger Realty Corp. v. Herman (N. Y. L. J., July 22, 1963, p. 6, col. 8) stated: “ Motion is granted to the extent of remitting this matter to respondent for the purpose of taking proof and determining the true cost or value of the improvements made by the prior landlord and making a determination of the amounts by which the revoked orders should be modified. The present owner appears to be innocent of the alleged fraud. Additionally the tenants, being the beneficiaries of improvements and considering the equities, rent increases seem warranted. Accordingly, the matter is remitted for further proceedings not inconsistent with this opinion. ’ ’
The court is of the opinion that where the petitioner has itself not participated in the alleged fraud, it at least should be entitled to a return on its investment based upon the actual value of kitchen cabinets installed. With respect to those items for which a fixed increase is permitted, it should certainly be entitled to such increase.
Accordingly, the denial of the petitioner’s protest is annulled and the proceedings are remanded to the respondent for further consideration not inconsistent with this opinion.